**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM J. ANNARUMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-02168** |
| | ) | **Judge Aleta A. Trauger** |
| **NANCY A. BERRYHILL** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

On April 25, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 30), recommending that the plaintiff's Motion for Judgment (Doc. No. 21) be denied and the Social Security Administration's ("SSA") denial of benefits be affirmed. The *pro se* plaintiff, William J. Annaruma, has filed Objections (Doc. No. 31), to which the SSA has responded (Doc. No. 35). For the reasons discussed herein, the court will overrule the Objections, accept the R&R, and dismiss this action.

## BACKGROUND[1]

On April 8, 2013, the plaintiff filed an application for disability insurance benefits ("DIB") due to sarcoidosis, colitis, hypertension, arm numbness, and spine and neck problems. (Doc. No. 12 (hereinafter "AR") 142-143, 155.) His application was denied initially and upon reconsideration. (AR 67, 74.) The plaintiff subsequently requested and received a hearing before an Administrative Law Judge ("ALJ"). (AR 86-87.) On May 17, 2015, the ALJ denied the plaintiff's application. (AR 12-16.) The ALJ's decision contained the following findings:

---

[1] The background is taken from the R&R, familiarity with which is presumed.

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2009.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2008 through his date last insured of June 30, 2009 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq*.).

4. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2008, the alleged onset date, through June 30, 2009, the date last insured (20 CFR 404.1520(c)).

(*Id.*)  On June 17, 2016, the Appeals Council issued a letter declining to review the case, thereby rendering the ALJ's decision as the Commissioner's final decision.  (AR 1-3.)

On August 15, 2016, the plaintiff filed this action under 42 U.S.C. § 405(g), challenging the Social Security Commissioner's denial of his application for DIB.  (Doc. No. 1.)  On January 27, 2017, he filed a Motion for Judgment (Doc. No. 21), which the SSA opposed (Doc. No. 22).

On April 25, 2018, the Magistrate Judge issued the R&R, which recommended that the plaintiff's motion be denied.  (Doc. No. 30.)  The plaintiff filed Objections (Doc. No. 31),[2] and the SSA filed a response.  (Doc. No. 35.)

## STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made.  Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  Objections must be

---

[2] The plaintiff filed a "Response to Report and Recommendation" one day late.  The court accepted it and construed it as objections to the R&R.  (Doc. No. 34.)

specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In social security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. §§ 1383(c), 405(h). Review of an ALJ's decision, if any, is limited to whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016); *see* 42 U.S.C. § 405 (g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). The substantial evidence standard also "'presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, "'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

# <u>ANALYSIS</u>

The plaintiff appears to object to the Magistrate Judge's finding that he received a full and fair hearing before the ALJ.[3]  An ALJ is required to ensure the claimant receives a full and fair hearing.  *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).  However, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the [Commissioner] to make a disability determination, rests with the claimant."  *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986).  The ALJ has a heightened duty to develop the administrative record "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures."  *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008).  Specifically, the plaintiff's objections to the Magistrate Judge's conclusions regarding a full and fair hearing relate to two issues: (1) the plaintiff's testimony regarding the alleged onset date; and (2) the purported incompetence of the plaintiff's attorney.  The court addresses each of these objections in turn.

## I.  The Plaintiff's Testimony Regarding the Alleged Onset Date

First, the plaintiff objects to the Magistrate Judge's finding that remand was not required because of the plaintiff's assertion that at the time of his hearing he was unaware of the import of his testimony regarding the alleged onset date of his disability.  At the hearing before the ALJ, the plaintiff and the ALJ engaged in the following exchange:

> ALJ:  Okay.  So, Mr. Annamura, when I read through your paperwork, you said that you became disabled on January 1, 2008?  Is that date correct?
>
> Plaintiff: No.

---

[3] The pleadings of a *pro se* litigant are to be liberally construed.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *see Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (stating that *pro se* pleadings are held to "an especially liberal standard").

4

ALJ: Okay.

Plaintiff: It's not.

ALJ: What date do you believe you became disabled?

Plaintiff: It was around December of 2010.

ALJ: Okay. And what happened that caused you to believe you became disabled on that date?

Plaintiff: Well, I mean, it was really kind of stuff that was leading up . . . I have a condition that elevated to a level of incapacitating me a lot. It's called sarcoidosis . . . And it started getting apparent in around 2008, 2009 . . . But it elevated. It just kept elevating . . . And the biggest thing that it affected that stopped me from working was that it – I had a lot of stenosis in my spine. So I can't stand for long – for more than five or six minutes at a time. And my hands get totally numb.

(AR 29-30.)  The ALJ afforded the plaintiff's testimony great weight.  (AR 15.)  Because the plaintiff testified that he did not become disabled until December 2010, approximately 18 months after the date last insured ("DLI"), and the lack of medical evidence in the record during the time period from the alleged onset date of January 1, 2008 to the DLI of June 30, 2009, the ALJ found the plaintiff not disabled.  (AR 15-16.)

The plaintiff's argument that he unintentionally stated incorrect information to the ALJ because he did not understand the questions the ALJ asked or "basically anything, about a very complicated issue" is not convincing.  (Doc. No. 31 at 2.)  As the Magistrate Judge held, "The fact that as a layperson, he was apparently unaware that he needed to establish disability before June 30, 2009 for an award of DIB does not invalidate his testimony that he did not become disabled until December, 2010."  (Doc. No. 30 at 15.)  Plaintiff also states that no one ever asked him for medical records predating the DLI until August 19, 2016.  However, this is not a basis for remand because it is the claimant that bears the ultimate burden to show disability.  *See Moon v. Sullivan*,

923 F.2d 1175, 1181 (6th Cir. 1990). Furthermore, the record reflects that the plaintiff was informed prior to August 19, 2016 of the need for medical records from the relevant time period on multiple occasions and one of his denial notices specifically mentioned that his claim was denied, in part, because there was insufficient medical evidence to assess his capabilities prior to the date last insured. (*See* AR 81, 158-59, 177-78.)

Even if, assuming *arguendo*, the ALJ did not credit the plaintiff's testimony about the alleged onset date of his disability or the plaintiff were to have testified differently, substantial evidence in the record still supports the ALJ's conclusion. The ALJ noted that the "actual medical evidence of record begins in January of 2011, which provides . . . support for the conclusion that there was no severe impairment in existence prior to the date last insured." (AR 15.) In addition, January 2011 medical records reflect that the plaintiff states that "he was well until 12/09/10 when while driving [he] became involved in a MVA." (AR 315.) An October 2013 treating assessment stated that the plaintiff's accident in December 2010 caused his "permanent partial disability." (AR 284.) Furthermore, although the record mentions the plaintiff's sarcoidosis, that was diagnosed in approximately 2003, and the plaintiff's problems with acute recurrent inflammation since 1998 (*see* AR 222), the mere existence of impairments prior to the date last insured does not establish that they were significantly limiting at that time. *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390 (6th Cir. 2015) (stating that the mere existence of impairments prior to the DLI does not establish that the claimant was significantly limited from performing basic work activities for a continuous period of time).

Throughout his Objection, the plaintiff also discusses Exhibits AA and BB from his reply, which he states show that he was disabled prior to the DLI. (*See* Doc. No. 27 at 9-99.) However, as previously discussed, substantial evidence supports the ALJ's conclusion and therefore the court

will not disturb the ALJ's decision. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (stating that reversal is not warranted if substantial evidence supports the ALJ's decision). In addition, the court cannot consider these exhibits because they were not in the administrative record before the ALJ. The plaintiff "invites the court to commit error when he asks the court to consider evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Kramer v. Comm'r of Soc. Sec.*, No. 1:09-cv-997, 2010 WL 3341604, at *3 (W.D. Mich. July 22, 2010), *report and recommendation adopted*, No. 1:09-cv-997, 2010 WL 3341603 (W.D. Mich. Aug. 20, 2010); *see Elliott v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002) ("If the Appeals Council declines to review an ALJ's decision, federal courts cannot consider evidence not presented to the ALJ.").[4]

The plaintiff also appears to argue that the VE's testimony provides a basis for remand. However, as the Magistrate Judge held, the ALJ's finding that the plaintiff was not disabled at step two precluded the need for the ALJ to consider the VE's testimony, which only comes into consideration at steps four and five. Accordingly, the court overrules the plaintiff's objection.

## II. The Competence of the Plaintiff's Attorney

The plaintiff appears to object to the Magistrate Judge's rejection of his argument that his lawyer failed to adequately represent him. The plaintiff continues to argue that his attorney was incompetent. However, the plaintiff fails to support his assertion with any legal or factual basis. In addition, the record does not provide any support for the plaintiff's assertion and instead

---

[4] The district court can, however, remand the case for further administrative proceedings in light of additional evidence, "if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The plaintiff has not met this burden.

demonstrates that the plaintiff received a full and fair hearing before the ALJ. The plaintiff's objection, therefore, is overruled.

## CONCLUSION

For the foregoing reasons, the court will overrule the plaintiff's Objections (Doc. No. 31); accept and adopt the Magistrate Judge's R&R (Doc. No. 30); deny the plaintiff's Motion for Judgment (Doc. No. 21); and affirm the SSA's decision.

An appropriate order will enter.

ENTER this 16th day of August 2018.

ALETA A. TRAUGER
United States District Judge